UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KALDOON HADDAD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-03935 |
| v. | ) | |
| | ) | |
| AMERICAN CORADIUS | ) | |
| INTERNATIONAL, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kaldoon Haddad, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Kaldoon Haddad ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, American Coradius International, LLC ("ACI"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephones to collect, or attempt to collect, delinquent consumer

debts. It is authorized to do business in Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. ACI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois.

6. ACI holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

7. ACI regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Citibank, N.A. consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. ACI was subsequently retained or hired to collect the alleged debt.

11. On or about October 12, 2015, ACI mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

12. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

13. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

14. The Letter stated, in relevant part:

> **Citibank, N.A. will report forgiveness of debt as required by IRS regulations. (Exhibit C, Collection Letter).**

15. Citibank cannot report all balances forgiven to the Internal Revenue Service.

16. Treasury Regulation 1.6050P requires that an "applicable entity" report a cancellation or discharge of indebtedness in excess of $600 if, *and only if*, there has occurred an "identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

17. There are numerous exceptions to the reporting requirement. 26 C.F.R § 1.6050P-1(d), including the following:

> **(d) Exceptions from reporting requirement**
> **(1) Certain bankruptcy discharges**
>
> **(i) In general. Reporting is required under this section in the case of a discharge of indebtedness in bankruptcy only if the creditor knows from information included in the reporting entity's books and records pertaining to the indebtedness that the debt was incurred for business or investment purposes as defined in paragraph (d)(1)(ii) of this section.**
>
> **(ii) Business or investment debt. Indebtedness is considered incurred for business purposes if it is incurred in connection with the conduct of any trade or business other than the trade or business of performing services as an employee. Indebtedness is considered incurred for investment purposes if it is incurred to purchase property held for investment, as defined in section 163(d)(5).**
>
> **(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**
>
> **(4) Indebtedness of foreign debtors held by foreign branches of U.S. financial institutions**

> **(i) Reporting requirements. [Reserved]**
> **(ii) Definition. An indebtedness held by a foreign branch of a U.S. financial institution is described in this paragraph (d)(4) only if—**
>
> **(A) The financial institution is engaged through a branch or office in the active conduct of a banking or similar business outside the United States;**
> **(B) The branch or office is a permanent place of business that is regularly maintained, occupied, and used to carry on a banking or similar financial business;**
> **(C) The business is conducted by at least one employee of the branch or office who is regularly in attendance at such place of business during normal working hours;**
> **(D) The indebtedness is extended outside of the United States by the branch or office in connection with that trade or business; and**
> **(E) The financial institution does not know or have reason to know that the debtor is a United States person.**
>
> **(5) Acquisition of indebtedness by related party. No reporting is required under this section in the case of a deemed discharge of indebtedness under section 108(e)(4) (relating to the acquisition of an indebtedness by a person related to the debtor), unless the disposition of the indebtedness by the creditor was made with a view to avoiding the reporting requirements of this section.**
>
> **(6) Releases. The release of a co-obligor is not required to be reported under this section if the remaining debtors remain liable for the full amount of any unpaid indebtedness.**
>
> **(7) Guarantors and sureties. Solely for purposes of the reporting requirements of this section, a guarantor is not a debtor. Thus, in the case of guaranteed indebtedness, reporting under this section is not required with respect to a guarantor, whether or not there has been a default and demand for payment made upon the guarantor.**

18. It is possible for a creditor to forgive $600 or more of the debt and not be required to file a Form 1099-C with the Internal Revenue Service.

19. There is no reason for Defendant to inject the IRS into the collection process except to convey to the unsophisticated consumer that she could be reported to the IRS.

20. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

21. ACI made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it stated that Citibank, N.A. will report forgiveness of debt to the Internal Revenue Service.

22. ACI threatened to take an action it could not legally take when it told Plaintiff that Citibank would report any principal balance forgiven, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

23. Defendant's statement falsely raises the specter of the IRS should a consumer fail to pay the alleged debt in full, where in reality, there are many circumstances where there would be no IRS involvement.

24. The Letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099-C Form may be reported to the IRS.

25. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

26. Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow*

*Fin. Servs.*, *LLC,* 660 F.3d 1055 (9th Cir. 2011) (Cited by *Lox v. CDA, Ltd*., 689 F.3d 818 (7th Cir. 2012).

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

29. ACI made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it stated that Citibank, N.A. will report forgiveness of debt to the Internal Revenue Service.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com