UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KALDOON HADDAD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-03935 |
| v. | ) | |
| | ) | |
| AMERICAN CORADIUS INTERNATIONAL, LLC, | ) ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## FIRST AMENDED COMPLAINT

Plaintiff, Kaldoon Haddad, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

**PARTIES**

5.     Plaintiff, Kaldoon Haddad ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.     Defendant, American Coradius International, LLC ("ACI"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephones to collect, or attempt to collect, delinquent consumer debts. It is authorized to do business in Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

7.     ACI operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois.

8.     ACI holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

9.     ACI regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

10.     Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Citibank, N.A. consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11.     Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. ACI was subsequently retained or hired to collect the alleged debt.

13. On or about October 12, 2015, ACI mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

14. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

15. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

16. The Letter stated, in relevant part:

> **Citibank, N.A. will report forgiveness of debt as required by IRS regulations. (Exhibit C, Collection Letter).**

17. ACI's client cannot report all balances forgiven to the Internal Revenue Service.

18. Treasury Regulation 1.6050P requires that an "applicable entity" report a cancellation or discharge of indebtedness in excess of $600 if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(b)(2)(F).

19. There are numerous exceptions to the reporting requirement. 26 C.F.R § 1.6050P-1(d), including the following:

> **Exceptions from reporting requirement**
>
> **(2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.**
>
> **(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit). . . .**

20. In April of 2013, the balance on the alleged debt was only $1,675. (Exhibit D, Excerpt from Plaintiff's Credit Report).

21. Plaintiff did use the card after April of 2013.

22. The remaining $8,940 of the total $10,615 Defendant was attempting to collect consisted *entirely* of interest and other non-principal amounts, which are not required to be reported to the IRS if cancelled.

23. ACS offered Plaintiff a settlement of $2,653.99, which would have resulted in cancellation of only $7,961.93.

24. The amount that would be cancelled if Plaintiff accepted the settlement would consist only of interest, fees and other non-principal amounts that are not part of the IRS reporting requirement.

25. In fact, there was no set of circumstances under which the IRS would be involved in Defendant's proposed settlement.

26. Defendant's statement falsely raised the specter of the IRS should defendant forgive the debt or any portion thereof, where in reality, there were no circumstances where the IRS would be involved.

27. Defendant injected the IRS into the collection process to convey to the unsophisticated consumer that she could be reported to the IRS if paid less than the full amount owed.

28. A statement invoking the IRS has the potential to lead the unsophisticated consumer into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. *Velez v. Enhanced Recovery Company*, No. 16-cv-164, slip op. (E.D. Pa. May 2, 2016).

29. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

30. ACI made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it stated that its client will report forgiveness of debt to the Internal Revenue Service.

31. ACI threatened to take an action it could not legally take when it told Plaintiff that Citibank would report any principal balance forgiven, in violation of 15 U.S.C. §§ 1692e and 1692e(5).

32. The statement's invocation of the IRS is deceptive and misleading. *Good v. Nationwide Credit, Inc.*, No. CIV.A. 14-4295, 2014 WL 5422103, at *5 (E.D. Pa. Oct. 24, 2014).

33. A debt collector potentially violates the FDCPA where it invokes the IRS in a situation where there is no set of circumstances in which the IRS would be involved. *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016).

34. Even if ACS and its client could report debt cancellation on Plaintiff's account to the IRS, they did not intend to.

35. It is the pattern and practice of ACS and its client not to report debt forgiveness to the IRS.

36. ACS' statement that Citibank would report debt forgiveness was thus a false statement.

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

38. ACI threatened an action it and its client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5), when it threatened that its client would report forgiveness of debt to the IRS.

39. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

40. Defendant's statement has the potential to affect the decision-making process of the unsophisticated consumer, namely, making them pay the full amount owed instead of accepting a reduced amount, to avoid IRS reporting.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

42. ACI made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it stated that Citibank, N.A. will report forgiveness of debt to the Internal Revenue Service.

43. ACI threatened an action it and its client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5), when it threatened that its client would report forgiveness of debt to the IRS.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com