IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KALDOON HADDAD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 16-cv-03935 |
| v. ) | |
| ) | Hon. John J. Tharp, Jr. |
| AMERICAN CORADIUS ) | |
| INTERNATIONAL, INC., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Now Comes Plaintiff, Kaldoon Haddad, by and through his attorneys, and for his Response to Defendant's Motion to Dismiss, states as follows:

## INTRODUCTION

Defendant American Coradius International, Inc. ("ACI") seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has not stated a claim under which relief can be granted. Defendant claims that Plaintiff has failed to show that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA") by making a false, deceptive and misleading statement regarding potential tax consequences for the forgiveness of debt. (Dkt. #13, Defendant ACI's Motion to Dismiss, p. 1-2). Defendant claims that its inclusion of the IRS in its collection letter would not mislead the unsophisticated consumer, and that the collection letter statement is accurate, and merely states a truism that a creditor will comply with the law. (Dkt. #13, p. 2).

The reporting of debt forgiveness to the Internal Revenue Service ("IRS"), however, is only appropriate in certain circumstances, and there are numerous exceptions to the reporting requirement, including non-principal amounts like interest and fees. Most of the alleged debt that

is the subject of the instant matter consisted of those interest and fees, and thus there was no set of circumstances under which Defendant would have to report Plaintiff's debt forgiveness to the IRS. Rather, ACI injected the IRS into its collection letter to coerce the consumer into paying the debt in full, rather than paying less than the total due in an effort to avoid adverse tax consequences.

The statement that the creditor "will report forgiveness of debt" without listing any of the exceptions would mislead the unsophisticated consumer into believing there will be adverse tax consequences for settling any debt for less than the total amount due.

Defendant purports to cite authority to support its arguments, however, the authority does not support Defendant's claim, and there is clear trend of authority in opposition to Defendant's arguments. For these reasons, Defendant's motion should be denied.

## **STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).

## ARGUMENT

**I.      The IRS Should Not Be Invoked Because There Are No Set of Circumstances Where the Creditor Would Be Required to Report Forgiveness of Plaintiff's Alleged Debt**

Defendant ACI should not have invoked the IRS in its collection letter at all as there are no set of circumstances under which its client, Citibank, would be required to report forgiveness of Plaintiff's alleged debt. "[I]t is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F. 3d 818, 825 (7th Cir. 2012) (citing *Ruth v. Triumph P'ships*, 577 F. 3d 790, 801 (7th Cir. 2009)*; Gonzales*, 660 F. 3d at 1063). Under Treasury Regulation 1.6050P, applicable entities report a cancellation or discharge of indebtedness in excess of $600 if, and only if, there has occurred an "identifiable event," described in paragraph (b)(2) of that section. 26 C.F.R. § 1.6050P-1(a)-(b)(2).

26 C.F.R. § 1.6050P-1 states several exceptions to any reporting requirement, including in relavant part:

> **(d) Exceptions from reporting requirement**
>
> **. . . (2) <u>Interest</u>. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.**

> **(3) Non-principal amounts in lending transactions.** In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

Any discharge that is less than $600 of principal is not required to be reported. Further, if the discharge "consists of interest and non-principal amounts in certain lending transactions, including lines of credit," it is also is not required to be reported. *Velez*, 2016 WL 1730721 at *2 (citing 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3)). The cancellation offered by ACI consisted only of interest and non-principal amounts, and therefore there was no reason for ACI to invoke the IRS.

Defendant was offering Plaintiff a $2,653.99 settlement that would have resulted in debt cancellation of $7,961.93. However, more than $8,940 of the alleged debt consisted of interest and fees, as Citibank has been charging Plaintiff interest since it charged off the alleged debt in 2013. (Dkt. #17, Plaintiff's First Amended Complaint, Exhibit D, showing a balance in October of 2013 of $1,675). The debt cancellation being offered by ACI consisted entirely of interest, fees and other non-principal amounts which are not part of the IRS reporting requirement. Therefore, ACI's client was not required to report any debt cancellation, and there was no set of circumstances under which the IRS would be involved in the proposed settlement.

## II. The Unsophisticated Consumer Would Be Confused and Misled by the Invocation of the IRS into the Collection Process

Defendant claims that its letter could not confuse or mislead an unsophisticated consumer, but does not explain how or why it came to this conclusion aside from merely stating that "the language used by ACI was straightforward and confirmed that the creditor followed the law." (Dkt. #13, p. 4). Defendant ACI's letter states:

> **Citibank, N.A. will report forgiveness of debt as required by IRS regulations.**

(Collection Letter, attached to Plaintiff's Amended Complaint as Exhibit C).

A statement by a debt collector is deceptive when there are at least two different reasonable meanings, and one (or both) of them is inaccurate, and is misleading if it implies the possibility of an action that is impossible or unlikely under the specific facts. *Velez v. Enhanced Recovery Company, LLC*, 2016 WL 1730721, No. 16-164, *3 (E.D. PA. May 2, 2016). Here, the statement indicates that forgiveness of debt will be reported "as required by IRS regulations," which could reasonably be interpreted to mean that the IRS regulations require reporting of all forgiveness of debt, or, as Defendant contends, that IRS regulations *may* require reporting. *See* Collection Letter, attached to Plaintiff's Amended Complaint as Exhibit C. ACI, however, did not state that reporting "may" be required, only that the creditor "will report." ACI also did not specify any exceptions to the IRS reporting guidelines, nor explain that with the settlement it was offering Plaintiff, no IRS reporting would be required.

When the debt collector's statement is a general rule that fails to specify relevant exceptions, the unsophisticated consumer might be misled to believe there could be adverse consequences when in fact, there are not. *Velez*, 2016 WL 1730721 at *3. Though a statement that fails to include relevant exceptions "may not be false in all respects, it certainly is not completely true." *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 747 (2014). A statement need not include every exception, or the full, complicated regulation, but it does need to "raise the debtor's awareness that potentially applicable exceptions exist." *Id.* at 748. Here, ACI listed none of the applicable exceptions.

It is not "bizarre or idiosyncratic for the least sophisticated debtor to believe that the 'invocation of the IRS reasonably suggests . . . that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness. . . .'" *Velez*, 2016 WL 1730721

at *3 (quoting *Good*, 55 F. Supp. 3d at 748). Even if it is determined that Defendant's statement is conditional, as Defendant contends it should be read as "*may be* required by IRS regulations," the use of any "[c]onditional language, particularly in absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055, 1063 (9th Cir. 2011).

ACI indicated that Citibank will report the forgiveness either because it is required by IRS regulations, or *may be* required by IRS regulations. However, as the offered settlement did not meet the $600 threshold reporting requirement for non-principal amounts, there would be no circumstances under which the cancellation would be reported to the IRS. Thus, the letter is false and misleading on its face.

### III. Defendant ACI Has Not Explained Relevant Exceptions to the Reporting Regulation When Choosing to Include an IRS Statement

Defendant ACI contends that Plaintiff has no plausible claim under § 1692e because its letter makes no mention of the $600 threshold for reporting forgiveness of a debt or the 1099-C form and that there is no statutory compulsion to inform the consumer of tax consequences. (Dkt. #13, p. 5-6). Defendant cites to *Altman v. J.C. Christensen & Associates, Inc.* and *Rhone v. AllianceOne Receivables Management, Inc.* in support of its conclusion, however, neither case is on point with Defendant's argument. (Dkt. #13, p. 6-7); 786 F. 3d 191 (2015); 2015 WL 4758786 (S.D. Ind. Aug. 12, 2015). Numerous courts have found similar, but more detailed, language as Defendant's letter to still be confusing and misleading.

In *Altman*, the debt collector's collection letter made no mention of the IRS nor any reporting requirements, but rather the claim related to whether the statement of the savings for the debtor in a settlement offer was a misrepresentation when the debtor would have tax consequences that would reduce his savings. 786 F. 3d at 193. *Altman* states that there is no

affirmative duty under the FDCPA for the debt collector to make disclosures regarding potential tax consequences. *Id.* at 194. In fact, had Defendant followed the *Altman's* courts holding, and not invoked the IRS, it would have complied with the FDCPA. Here, however, the issue is not whether Defendant ACI needed to disclose the tax consequences, but rather, whether the invocation of the IRS reporting requirements where there was no set of circumstances under which reporting would be required was false or misleading.

*Rhone* is also not on point with ACI's argument. The debt collector's letter in *Rhone* includes not only the $600 reporting threshold, but also states that the forgiveness "*may* be reported," not that it *will* be reported. 2015 WL 4758786 at *2. The *Rhone* court found that since the consumer's debt principal was less than the threshold amount, she would have known that forgiveness of the debt could never be reported, for failure to meet the $600 threshold. *Id.* at *4. The court also found that the use of the term "may" was not a misrepresentation of the law, and did not require clarifying information. *Id.* at *5. Here, however, Defendant ACI made no mention of the $600 threshold, nor did it use the term "may." In fact, Defendant's omission of the $600 threshold makes its letter more misleading, not less, as it makes it even more difficult for Plaintiff to understand that the IRS will not be involved in the proposed settlement.

Nearly identical language to *Rhone* was found to be misleading in this district in *Foster v. Allianceone Receivables Management, Inc.*, 2016 WL 1719824 (N.D. Ill. April 28, 2016). The court found that while the language is "not necessarily a misrepresentation of the law . . . [i]t is plausible that mention of the IRS in a situation where no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.'" *Id.* at *2. Even a "literally true" statement in a collection letter "can convey a misleading impression." *Sledge v. Sands*, 182 F.R.D. 255, 260 (N.D. Ill. 1998). The statement can be false

when there are no circumstances under the facts of the case that could be a reportable event. *Velez*, 2016 WL 1730721 at *2. Use of the term "may" does not prevent the unsophisticated consumer from being misled into believing that there would be adverse tax consequences when a statement regarding a generally applicable rule has "some, but not all, of the relevant exceptions thereto." *Id.* at *3. Here, however, Defendant ACI neither used the word "may," nor did it mention any relevant exceptions to the IRS reporting requirements including the $600 threshold. Instead, ACI has stated a generally applicable rule with none of the relevant exceptions thereto, including the ones that applied to Plaintiff's alleged debt.

### IV. There Was No Reason for ACI to Invoke the IRS for Plaintiff's Debt

Defendant ACI's statement is most akin to that in *Good*, where the debt collector stated that it was "required" to report, however, even its inclusion of the $600 threshold failed to include proper exceptional language. 55 F. Supp. 3d at 746-47. Under those facts, too, the failure "to notify the reader that any exceptional circumstances might apply – does not simply and faithfully record the applicable law." *Id.* at 747. Debt collectors need not list every exception, nor insert "complicated regulations; instead, [they] need only raise the debtor's awareness that potentially applicable exceptions exist." *Id.* at 748.

In *Good*, the court considered why the statement regarding the IRS was even included in the first place, when there is no affirmative duty to disclose potential tax consequences, and found that it was a "collection ploy." *Id.* Invoking the IRS is a clear collection ploy used to intimidate consumers into making payments. How powerful is invoking the IRS to consumers? Recent scams exemplify the power of invoking the IRS. This tactic is so effective that Congress held a hearing on April 15, 2015, regarding the IRS imposter scams. *See* Herb Weisbaum, *'Imposter' Tax Scam Worse Than Ever, Congress Holds Hearing*, NBC News (Apr. 15, 2015),

www.nbcnews.com/business/taxes/tax-imposter-scam-worse-ever-congress-holds-hearing-n341906. This hearing was to look into what's being called "'the largest and most pervasive' impersonation scam in the history of the IRS." *Id*. Senator Claire McCaskill (D-Missouri) commented that "[t]his outrageous fraud is now much larger than even the numbers are telling us." *Id*. In fact, current statistics shows that the rate of success of the scam is such that more than 3,000 people have been defrauded out of a combined total of more than $15 million. *See* Sara Ganim and David Fitzpatrick, *IRS scam costing victims $15 million*, CNN (Mar. 14, 2015), www.cnn.com/2015/03/13/us/irs-scam/. While Defendant was not impersonating the IRS in its letter, it was invoking the possibility that the agency could become involved, likening it to a "bogey-man" to mislead and intimidate the unsophisticated consumer.

Defendant ACI's invocation of the IRS implied that adverse tax consequences could affect Plaintiff, when in reality there was no set of circumstances under which the IRS would become involved in the proposed settlement as ACI was offering only to cancel interest and fees that are not reported as debt cancellation. ACI further failed to include any relevant exceptions to the reporting requirement, giving an incomplete and misleading statement regarding the IRS, and making it impossible for the unsophisticated consumer to understand the true tax consequences ACI was referencing. The fact that there is no affirmative duty to disclose potential tax consequences under the FDCPA does not excuse a debt collector from opting to include an incomplete and misleading statement regarding the IRS in a situation where the IRS would not become involved at all.

## CONCLUSION

WHEREFORE, for the reasons stated, ACI's motion to dismiss should be denied.

Respectfully Submitted,

                                                          s/Michael J. Wood
                                                          Michael J. Wood

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I, Michael J. Wood, an attorney, hereby certify that on June 23, 2016, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

      Respectfully submitted,

      By: s/Michael J. Wood
      One of Plaintiff's Attorneys

Celetha C. Chatman
Michael J. Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com