IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KALDOON HADDAD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 16-cv-03935 |
| v. ) | |
| ) | Hon. John J. Tharp, Jr. |
| AMERICAN CORADIUS ) | |
| INTERNATIONAL, INC., ) | Magistrate Judge Sheila M. Finnegan |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY**

Now Comes the Plaintiff, Kaldoon Haddad, by and through his attorneys, and for his Sur-Reply, and in further support of Plaintiff's First Amended Complaint, states as follows:

**DEFENDANT'S REPLY IS AN ADMISSION THAT ITS INTERPRETATION OF THE COLLECTION LETTER STATEMENT IS NOT EXCLUSIVE**

Defendant's Reply tries to provide an explanation and argument for Defendant's collection letter statement, "Citibank, N.A. will report forgiveness of debt as required by IRS regulations." This explanation and argument is an admission that Defendant's interpretation of the collection letter statement is not exclusive, demanding the herein Sur-Reply to re-focus attention to how the collection letter statement is misleading and deceptive to the objective, unsophisticated, but reasonable, consumer. *Gruber, et al. v. Creditor' Protection Service, Inc., et al.,* 742 F.3d 271, 273, 274 (7th Cir. 2014); *Gammon v. GC Services Limited Partnership,* 27 F.3d 1254 (7th Cir. 1994).

First, Plaintiff acknowledges that the balance history statement was misread. *Dkt. 17, p. 12; Dkt. 18, p. 4; Dkt. 19, p. 2.* Accordingly, allegations that Defendant's conduct violates the FDCPA, solely on grounds of a balance in October of 2013 of $1,675, are hereby withdrawn.

Second, this concession does not deny, modify, diminish, eliminate or otherwise waive whatsoever Plaintiff's claims that Defendant's collection letter statement, "Citibank, N.A. will report forgiveness of debt as required by IRS regulations," is otherwise still misleading and deceptive. Plaintiff, as an unsophisticated consumer, and his First Amended Complaint, state a claim to relief that is plausible. *Gruber,* supra; *Gammon,* supra; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Defendant's explanation and argument in its Reply belies the explanation and argument in its Motion to Dismiss. Throughout its Motion, Defendant argues that the collection letter statement is not false, misleading or deceptive, but truthful, e.g. "…there is no chance that a consumer could be misled or deceived by the truism that a creditor will comply with the law…," *Dkt. 13, p. 2*; "In fact, because a potential tax consequence was associated with the settlement proposal, the debt forgiveness statement was literally true…," *Dkt. 13, p. 2*; "…Simply put, the language used by ACI was straightforward and confirmed that the creditor followed the law…," *Dkt. 13, p. 4*; "…This letter simply provides that 'Citibank, N.A. will report forgiveness of debt as required by IRS regulations." There is nothing at all confusing, misleading or untrue about this sentence…," *Dkt. 13, p. 5*; "…Instead, the letter makes a true statement that Citibank, N.A. will report forgiveness of debt as required by IRS regulations. There is nothing false, deceptive, or misleading about this language…". *Dkt. 13, p. 7.*

The thrust of Defendant's Motion is that not only is the collection letter truthful, but Defendant's interpretation of the statement is exclusive, and that there is no way that Plaintiff or any other unsophisticated consumer could interpret the statement in any other way whatsoever. Defendant's explanation and argument in its Reply is an admission to the contrary, and thus, it is

averred, that the collection letter statement is false, misleading, deceptive, and constitutes a violation of 15 U.S.C. Sections 1692e and 1692e(10).

Defendant's Reply states that the collection letter statement, "Citibank, N.A. will report forgiveness of debt as required by IRS regulations," is a conditional statement, conditional upon the requirements of the IRS regulations. *Dkt. 19, p. 5*. "…the IRS language makes clear that the reporting of forgiveness of debt is contingent upon the requirements of the IRS regulations…" *Dkt. 19, p. 6*.

"As required by" is a non-conditional term which implies that there is a law or statute that requires an act to be taken by someone. "Will" is also a non-conditional term. When a party says that they will do something as required by a statute or law, there is nothing conditional or optional in or about that statement. The language in the letter is clear and unambiguous. The collection letter statement communicates that forgiveness of debt, without qualification or condition, and regardless of the amount, will be reported to the IRS because the IRS regulations require it.

If the Defendant's collection letter statement had stated something like, "Citibank, N.A. **may** report forgiveness of debt **if** required by IRS regulations," then this would be a conditional statement. However, Defendant's letter uses the word "will" instead of "may," and "as required by" instead of "if required by." These definite terms, "will," and "as required by," make it clear that Plaintiff's interpretation of the statement in the letter is the correct one. The letter does not say that Citibank, N.A. may report forgiveness of debt. The letter is clear and states that Citibank, N.A. will report forgiveness of debt. The statement in Defendant's letter clearly states that any forgiveness of debt, regardless of the amount, will be reported to the IRS because the

IRS regulations require any forgiveness of debt to be reported. This reading is not a bizarre or idiosyncratic interpretation of the letter, and is an interpretation that is clear based on the language used in the letter. Defendant's attempt to characterize its collection letter statement as conditional, when it is not, demonstrates Defendant's admission that its interpretation of the collection letter statement is not exclusive.

*Rhone v. AllianceOne Receivables Mgt., Inc.,* 2015 WL 4758786 (S.D. Ind. Aug.12,2015) is instructive here. The language used in the *Rhone* collection letter stated, "Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client." The *Rhone* court held that "juxtaposition of an unconditional term - "any settlement write-off" with a conditional term - "may be reported to the Internal Revenue Service" - may be poor phrasing, but misleading or deceptive it is not." *Id*. at 2015 U.S. Dist. LEXIS 106186, *13.

What distinguishes ACI's collection letter statement in this matter is that it does not use the conditional term, "may." It uses the unconditional term, "will." There are no conditional terms in ACI's letter compared to the letter in *Rhone*. ACI's use of the word "will" clearly states that Citibank, N.A. will report any and all forgiveness of debt, and the reason that it will do so is because IRS regulations require it.

## THE FAIR DEBT COLLECTION PRACTICES ACT

Congress created the FDCPA to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. Section 1692(a); *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). Finding that such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and

to invasions of individual privacy," the FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. Sections 1692(a), 1692(c).

The FDCPA broadly prohibits unfair or unconscionable collection methods such as conduct that harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Sections 1692d, 1692e, and 1692f. Congress found that "means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. Section 1692(c). "The Act regulates the debt collection tactics employed against personal borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). Thus, in evaluating claims for violations of the FDCPA, the Court must view defendants' conduct through the eyes of the unsophisticated consumer. *Olson v. Schultz*, 366 F.3d 509, 512 (7th Cir. 2004); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004); *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005); *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 949 (7th Cir. 2004); *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769, 773 (7th Cir. 2003).

The FDCPA provides a private civil remedy against debt collectors that violate the Act. 15 U.S.C. Section 1692k. The legislative history of the FDCPA supports the view that "this legislation is primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance." S.Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696.

Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer, and when in doubt, against debt collectors. *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 741 (7th Cir. 2004); *Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 3746111 (S.D. Calif. 2013); *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010); *Cirkot v. Diversified Fin. Servs., Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993); *N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2d Cir. 1973).

A single violation of the FDCPA triggers statutory liability and remedies. *Morgan v. Credit Adjustment Board, Inc.*, 999 F. Supp. 803 (E.D. Va. 1998); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). A violation can result in liability for up to $1,000 in statutory damages. 15 U.S.C. Section 1692k(a)(2)(A). The FDCPA is a strict liability statute, *Ruth v. Triumph Partnerships, et al.*, 577 F.3d 790 (7th Cir. 2009), where the degree of the defendant's culpability is relevant only in computing damages, not in determining liability. *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993).

A plaintiff need not prove intent, bad faith or negligence on the part of the debt collector in an FDCPA case. The "FDCPA is a strict liability statute," and proof of one violation is sufficient to support summary judgment for the plaintiff. *Hartman v. Meridian Financial Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The requirements of the FDCPA are "hyper-technical." *Bailey v. Security Nat. Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998). "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations

where the language of the statute clearly comprehends them…". *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22,27 (2d Cir. 1989).

Courts have found that the FDCPA is strict liability to the point where actual damages are not a prerequisite to recovery under the Act. In *Hill v. Priority Financial Services, Inc.*, 2001 WL 1155152 (S.D. Ind. 2001), this court stated that "[t]he FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." *Id.*, at *7 (citing *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998); *Bartlett*, supra, at 499)). In fact, the Seventh Circuit in *Bartlett*, supra, determined that statutory damages were available even though the plaintiff had not even read the offending letter.

Relevant to this matter is that 15 U.S.C. Section 1692e provides that, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

### ACI'S STATEMENT IS FALSE, MISLEADING, AND DECEPTIVE TO AN OBJECTIVE, UNSOPHISTICATED, BUT REASONABLE, CONSUMER

Defendant complains in its Motion to Dismiss and Reply that Plaintiff has failed to show any facially plausible claim necessary to withstand dismissal. When Plaintiff's allegations in the First Amended Complaint are accepted as true, and all reasonable inferences are drawn in favor of the Plaintiff, there certainly exist facts that are sufficient to show that Plaintiff has a plausible claim for relief under the Fair Debt Collection Practices Act.

A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate. *Clomon*, supra, at 1319. In this matter, Plaintiff's interpretation of the language used in Defendant's collection letter statement is clearly the only plausible and reasonable interpretation, based on the plain language of the statement and the unconditional terms contained therein.

The statement used in ACI's letter clearly would lead an unsophisticated consumer to be deceived into thinking that Citibank, N.A. must or will report settlement amounts to the IRS under the relevant statute and regulations regardless of any dollar amount. The unsophisticated consumer would be misled when reading the statement in ACI's collection letter into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The unsophisticated consumer would believe when reading ACI's letter that any amount of debt that is forgiven would be reported to the IRS because the law requires it. The statement could easily lead an unsophisticated consumer into believing that unless he pays the entire balance that ACI is seeking, then there could be issues with the IRS. The unsophisticated consumer, afraid of an audit, may be pressured by this misstatement such as the one made by ACI into paying the full balance of the alleged debt to avoid the risk of triggering an IRS audit. Defendant's collection letter misled the Plaintiff into believing that he had to pay the entire balance of the Citibank debt or else he might face potential tax consequences. Thus, there is the risk that Defendant's statement improperly increased collections by falsely representing the law in violation of 15 U.S.C. Sections 1692e and 1692e(10). An unsophisticated consumer, such as Plaintiff, would believe when reading the letter that IRS regulations require that ***any*** amount of debt that is forgiven must be reported to the IRS, and that Citibank will follow the IRS regulations. "Simply put, the language used by ACI was straightforward and confirmed that the

creditor followed the law…" *Dkt. 13, p. 4.* ACI's collection letter misled the Plaintiff into believing that he had to pay the entire balance due, or else he might face potential tax consequences, such as a costly audit and/or other sanctions. Thus, there is the risk that Defendant's collection letter statement improperly increased collections by falsely representing the law in violation of 15 U.S.C. Sections 1692e and 1692e(10).

The law requiring forgiveness of debt being reported to the IRS is codified in the Internal Revenue Code, stating:

> (a) In general. Any applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall make a return (at such time and in such form as the Secretary [of the Treasury] may by regulations prescribe) setting forth-
>
> > (1) the name, address, and [Taxpayer Identification Number] of each person whose indebtedness was discharged during such calendar year,
> >
> > (2) the date of the discharge and the amount of the indebtedness discharged, and
> >
> > (3) such other information as the Secretary may prescribe.
>
> (b) Exception. Subsection (a) shall not apply to any discharge of less than $600.

I.R.C. Section 6050P.

The related IRS regulation fleshes out the requirements of Section 6050P in more detail. It states:

> Except as provided in paragraph (d) of this section, any applicable entity (as defined in section 6050P(c)(1)) that discharges an indebtedness of any person (within the meaning of section 7701(a)(1)) of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. Solely for purposes of the reporting requirements of section 6050P and this section, a discharge of indebtedness is deemed to have occurred…if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section…

26 C.F.R. Section 1.6050P-1(a)(1).

The regulation then goes on to list seven other types of qualifying identifiable events. *See* Section 1.6050P-1(b)(2). As indicated in the above-quoted language, the regulation excepts certain situations from its reporting requirements. These seven exceptions include, *inter alia*, bankruptcy discharges, interest discharges, and discharges, "[i]n the case of a lending transaction," of amounts "other than stated principal." Section 1.6050P-1(d).

In this case, since the amount of debt forgiven or to be forgiven, if any, is unknown, then depending on the amount of debt forgiven, the amount of interest involved, and other relevant factors, it is entirely possible to forgive debt and not be required to report the forgiven amount to the IRS. Contrary to ACI's collection letter statement, forgiveness of debt will not be reported when one of the exceptions from the reporting requirements applies. For example, an applicable entity may not report interest or other non-principal indebtedness or indebtedness of less than $600 that is forgiven. ACI's broad statement that Citibank, N.A. will report forgiveness of debt as required by IRS regulations fails to account for these exceptions to the reporting requirements in the IRS regulations.

The case of *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) is particularly relevant and instructive in this matter. *Kaff* recognizes that a valid claim for violations of the FDCPA occurs when the debt collector does not accurately account for the exceptions to reporting forgiven indebtedness. In *Kaff*, the language in question was:

> "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600or more."

The *Kaff* Court recognized that the exceptions noted *supra* to the reporting requirement make claims of being required to report cancelled debt of $600 or more untruthful. *Id*. at *9. Having determined that plaintiff stated a claim under the ban on falsehoods, the *Kaff* Court denied defendant's motion to dismiss. *Id*. at *14-15.

*Kaff* is on point in this matter. The language "is required to" in *Kaff* is the equivalent of "will" and "as required by IRS regulations" that were used in ACI's collection letter. "Is required to" has the same meaning as "as required by". Like the language in ACI's letter, the letter in *Kaff* makes clear that there is a law that requires forgiveness of debt of $600 or more to be reported to the IRS and American Express will follow the law and do so. In this matter, ACI's statement, "Citibank, N.A. will report forgiveness of debt as required by IRS regulations," is even more untruthful, misleading, and deceptive than the statement in *Kaff*. While the statement by the debt collector in *Kaff* would lead the unsophisticated consumer to believe that only cancelled debt of $600 or more would be reported to the IRS, in this matter, ACI's statement would lead the unsophisticated consumer to believe that any forgiveness of debt, regardless of amount, would be reported to the IRS.

It would not be bizarre or idiosyncratic for the objective, unsophisticated, but reasonable, consumer, such as herein Plaintiff, to believe that the invocation of the IRS reasonably suggests that he could get in trouble with the IRS for obtaining any debt forgiveness. The unsophisticated consumer, such as herein Plaintiff, could reasonably assume from ACI's statement in its collection letter that ACI included that statement because such consumer could believe that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements. This herein litigation matter is an opportunity for the parties and the Court to consider the question, "Why would a debt collector insert such a statement about reporting debt

forgiveness to the IRS in its debt collection letter?" Was it to supply gratuitous information for the benefit of the consumer? Herein Defendant even acknowledged that it had no obligation to insert its statement within its collection letter. *Dkt. 13, p. 2.*

## CONCLUSION

When the allegations in the Plaintiff's First Amended Complaint are accepted as true and all reasonable inferences are drawn in favor of the Plaintiff, and because the FDCPA is a strict liability statute, *Ruth*, supra, and herein Plaintiff has demonstrated a facially plausible claim, *Ashcroft*, supra, and for the reasons and authorities set forth above, Plaintiff, Kaldoon Haddad, respectfully requests that Defendant, ACI's Motion to Dismiss be denied.

Respectfully submitted,

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

I, Celetha C. Chatman, an attorney, hereby certify that on August 9, 2016, I electronically filed the foregoing Notice of Motion using the CM/ECF system, which will send notification of such filing to all registered participants on the system.

Respectfully submitted,

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com