## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Kaldoon Haddad, | ) | |
| | ) | |
| Plaintiff, | ) | Honorable John J. Tharp, Jr. |
| | ) | |
| v. | ) | Case No: 1:16-cv-03935 |
| | ) | |
| American Coradius International, LLC, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendant. | ) | |

### AMERICAN CORADIUS INTERNATIONAL, LLC'S MOTION FOR LEAVE TO REPLY TO PLAINTIFF'S SUR-REPLY BRIEF

NOW COMES the defendant, American Coradius International, LLC ("ACI") by and through undersigned counsel and hereby moves this Honorable Court for leave to file a reply to plaintiff's sur-reply brief filed on August 9, 2016, and in support thereof, states as follows:

1.      Plaintiff filed his original complaint on April 1, 2016.  *Dkt. 1.*

2.      Plaintiff's original complaint contained boilerplate allegations likely incorporated from other draft complaints as evidenced by many "one-size-fits-all allegations" that made no sense in the context of the letter at issue. (*See, e.g. Dkt. 1, ¶ 18* where plaintiff alleged that "It is possible for a creditor to forgive $600 or more of the debt and not be required to file a form 1099-C with the Internal Revenue Service" when the letter at issue made absolutely no reference to "$600" or to a "1099-C" form.)

3.      On May 26, 2016, ACI filed its motion to dismiss the plaintiff's original complaint for failure to state a claim upon which relief could be granted. *Dkt. 12.*

4. On June 2, 2016, the parties appeared before this Honorable Court for presentment of ACI's motion to dismiss. At that hearing, plaintiff advised the Court that he intended to file an amended complaint, and specifically referenced an intention to include a credit report that plaintiff asserted would support his claims.

5. This Honorable Court granted plaintiff's request for leave to file the amended complaint by June 9, 2016. *Dkt. 16.*

6. ACI was not given a chance to respond to plaintiff's amended complaint at that time. Instead, the Court ordered that ACI's previously filed motion to dismiss would stand as the response to the amended complaint. *Dkt. 16.* The Court ordered that plaintiff's response to the motion to dismiss would be due by June 23, 2016 and ACI's reply would be due by July 7, 2016. *Id.* Plaintiff filed his response brief and ACI filed its reply brief according to the Court's schedule.

7. After the briefing on the motion was completed, plaintiff *waited more than more than 30 days*, until August 8, 2016, to file a motion seeking leave of Court to file a sur-reply brief. *Dkt. 20*. The motion for leave to file was not scheduled for presentment until August 17, 2016.

8. Nevertheless, the day after the motion was filed, and without giving ACI any opportunity to oppose plaintiff's motion, this Court granted plaintiff's motion for leave to file the sur-reply on August 9, 2016. *Dkt. 22*.

9. Had ACI been given the opportunity to oppose the motion, ACI would have done so and would have noted that plaintiff's delay in waiting more than 30 days to seek leave of court to file a sur-reply brief was unreasonably prejudicial to ACI and conflicts

2

with this Court's previous effort to streamline the briefing of the motion to dismiss, thereby causing ACI to suffer prejudice as a result of plaintiff's unreasonable and unexplained delay.

10.    ACI was not given an opportunity to file a motion to dismiss the amended complaint after it was filed.  Instead, this Court converted ACI's previously filed motion to dismiss the original complaint (a complaint which contained different theories from the amended complaint) to stand as ACI's response to the amended complaint.  *Dkt. 16.*   It was only after plaintiff filed the amended complaint and then plaintiff filed his response to the original motion to dismiss that ACI was permitted to file a reply brief.  Even then, ACI was given only 14 days to file its reply brief.  *Dkt. 16.*

11.    After all of that, plaintiff has now been permitted an extra 30 days to file a sur-reply wherein he abandons his previous theories of the case and raises, yet again, new theories of liability.

12.    For example, after telling this Honorable Court that the credit report was so critical to his theory of liability as to require the need to amend the complaint, and then focusing a substantial portion of his response to the motion to dismiss on that report, the plaintiff now abandoned the credit report altogether in his sur-reply.  *Dkt. 20-1, p.2.*

13.    Significantly, plaintiff has made no attempt to correct the record or to strike the factual allegations he asserted in his amended complaint, allegations now known were false and which have no evidentiary support under Rule 11(b)(3).

14.    Moreover, each of the following allegations in the amended complaint is demonstrably false:

a. "In April of 2013, the balance on the alleged debt was only $1,675. (Exhibit D, Excerpt from Plaintiff's Credit Report)." *Dkt. 17, ¶20.*

b. "The remaining $8,940 of the total $10,615 Defendant was attempting to collect consisted entirely of interest and other non-principal amounts, which are not required to be reported to the IRS if cancelled." *Dkt. 17, ¶22.*

c. "The amount that would be cancelled if Plaintiff accepted the settlement would consist only of interest, fees and other non-principal amounts that are not part of the IRS reporting requirement." *Dkt. 17, ¶24.*

d. "In fact, there was no set of circumstances under which the IRS would be involved in Defendant's proposed settlement." *Dkt. 17, ¶25.*

e. "Defendant's statement falsely raised the specter of the IRS should defendant forgive the debt or any portion thereof, where in reality, there were no circumstances where the IRS would be involved." *Dkt. 17, ¶26*

15.     Even though plaintiff attempts to abandoned these claims in his sur-reply brief, those allegations remain on file in the amended complaint, a pleading signed by counsel in accordance with the Federal Rules of Civil Procedure. To date, neither plaintiff nor his attorney have taken any steps to correct the record aside from the statements he makes in the sur-reply brief.

16.     Regardless, after claiming he "misread" the balance history he chose to file with his amended complaint, plaintiff spends the remainder of his *thirteen page* brief creating new arguments for liability, arguments not previously raised in his briefing.

17.     It would be patently unfair and prejudicial to ACI if these new arguments raised for the first time in a sur-reply brief were left unanswered, especially when ACI is the party carrying the burden for the instant motion to dismiss.

18.     Accordingly, ACI requests a period of 14 days to file a brief in reply to the sur-reply brief filed by plaintiff.

4

WHEREFORE, American Coradius International, LLC respectfully moves this Honorable Court to grant it leave to file a brief in reply to the sur-reply brief filed by plaintiff within the next 14 days, and for such other relief as this Court deems just.

Respectfully submitted,

*/s/: Daniel W. Pisani*
Daniel W. Pisani
James K. Schultz
Sessions Fishman Nathan & Israel, LLC,
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603-3651
Telephone: (312) 578-0994
E-mail: dpisani@sessions.legal
           jschultz@sessions.legal
Attorneys for Defendant
American Coradius International, LLC

## CERTIFICATE OF SERVICE

I certify that on August 10, 2016, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


*/s/: Daniel W. Pisani*